## GOLDSBOROUGH *et al.* v. HEWITT.

No. 2129.    Opinion Filed July 12, 1910.

(110 Pac. 906.)

**APPEAL AND ERROR — Death of Defendant After Submission—Mandate Recalled.** Where defendant in error dies after the submission of the cause in the Supreme Court and the cause is decided after his death and the mandate is sent down to the trial court, the Supreme Court will order the mandate recalled, set aside its decision, and render the decision and opinion as of the day of the submission of the cause, and direct the clerk to so enter it.

(Syllabus by the Court.)

Supplemental opinion.

For former opinion, see 23 Okla. 66, 99 Pac. 907.

TURNER, Vice Chief Justice. Since handing down the opinion and rendering judgment in this cause (*Goldsborough et al. v. Hewitt,* 23 Okla. 66, 99 Pac. 907), the death of Robert Hewitt, defendant in error, has been suggested to this court for the first time and proved to have occurred between the submission and opinion herein, to wit, August 13, 1908. While the fact of said death between said submission and decision does not impair the validity of said judgment, in order to preserve all rights thereunder, said judgment is hereby set aside, said opinion and mandate recalled, and the clerk of this court directed to refile said opinion and enter the judgment of this court in said cause *nunc pro tunc* as of the date when said cause was submitted. *Bell v. Bell,* 181 U. S. 179, 21 Sup. Ct. 551, 45 L. Ed. 804; *Powe v. McLeod & Co.,* 76 Ala. 418; *Danforth v. Danforth,* 111 Ill. 236; *Lockenour v. Sides et al.,* 57 Ind. 360, 26 Am. Rep. 58; *Holloway v. Galliac,* 49 Cal. 149.

It further appearing to the court that plaintiff in error does not desire a revivor against the administrator and heirs of said Hewitt, and has withdrawn in this court all claim for use and occupation of the premises recovered and desires only to be possessed of his homestead, the sole remaining subject of litigation herein has abated and is at an end. It is therefore ordered that before refiling said opinion the same be corrected in so far that this cause be remanded, not for a new trial, but with directions to the trial court to set aside the deed complained of, put plaintiff in possession of his homestead by proper process, and quiet his title thereto as prayed.

DUNN, C. J., and KANE and WILLIAMS, JJ., concur; HAYES, J., not participating.