## STATE *ex rel.* GOLDSBOROUGH v. HUSTON.

No. 1633.   Opinion Filed July 12, 1910.

(110 Pac. 907.)

MANDAMUS—Right to Writ—Adequate Remedy at Law.   Where re-
lator had an adequate remedy in the Supreme Court after de-
termination of an appeal on the death of the defendant to have
the cause revived and to compel the heirs of the defendant to
put relator in possession of the property in controversy, which
on motion the trial court refused to do, he can not maintain
mandamus to compel such action by the trial court.

(Syllabus by the Court.)

Mandamus by the State, on the relation of William H. Golds-
borough, against A. H. Huston.   Writ denied.

*F. W. Jacobs,* for petitioners.

*A. H. Huston, pro se.*

TURNER, J.   In *Goldsborough et al. v. Hewitt,* 23 Okla.
66, 99 Pac. 907, this court held the deed from William H. Golds-
borough to Robert Hewitt, dated February 18, 1897, to the home-
stead in controversy, without consideration and void, that Golds-
borough's divorced wife, Louisa Caldwell, had no interest therein,
and reversed and remanded the cause.

On the mandate going down, on motion of Goldsborough, the
trial court spread the same of record, but refused to proceed fur-
ther, it appearing that pending said cause in this court and be-
tween the date of its submission and decision, to wit, August 13,
1908, the defendant, Robert Hewitt, had died.   This is an original
proceeding in mandamus in this court to compel the trial court,
among other things, to revive the cause against the heirs of Rob-
ert Hewitt, and put plaintiff in possession of the property, which
on motion the trial court refused to do.   For the reason that
plaintiff had an adequate remedy in this court, which he has sub-
sequently pursued, as indicated in *Goldsborough v. Hewitt, infra,*
110 Pac. 906, the peremptory writ will not run.

All the Justices concur.