## HEWITT et al. v. GOLDSBOROUGH et al.

No. 2283.   Opinion Filed November 14, 1911.

**OCCUPYING CLAIMANTS—Assertion of Right by Heirs.** Where, in a suit commenced March 23, 1904, to cancel the deed to a homestead, executed by plaintiff to defendant February 18, 1897, defendant died in possession pending the submission and before

the decision of the cause in this court, and where the mandate sent down was recalled, and, as again sent down, ordered, among other things, the deed set aside and plaintiff put in possession, but left open the question of the rights of occupying claimants, held, that defendant, if living, or his heirs, if dead, in quiet possession of the land from the date of said deed, should be permitted to come in and assert their rights as occupying claimants pursuant to sections 6128 and 6130 of Snyder's Stat. of Okla.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; A. H. Huston, Judge.*

P. S. *Nagle,* for plaintiffs in error.

F. W. *Jacobs,* for defendants in error.

TURNER, C. J. This case has come to this court on several different phases (*Goldsborough et al. v. Hewitt,* 23 Okla. 66, 99 Pac. 907; *Goldsborough et al v. Hewitt,* 26 Okla. 859, 110 Pac. 906; *State of Okla. ex rel. W. H. Goldsborough v. A. H. Huston, Judge,* 28 Okla. 718). In the cause reported in 23 Okla. 66, 99 Pac. 907, we held the deed from William H. Goldsborough to Robert Hewitt, dated February 18, 1897, to the homestead in controversy, without consideration and void, and reversed and remanded the cause. After the mandate had gone down, it appearing that Robert Hewitt had died after the submission and before said cause was decided by this court, we recalled the mandate, and, after setting aside said decision and rendering the same and filing the opinion therein as of the day of the submission, we reversed and remanded the cause, not for a new trial, but with directions to the trial court to set aside the deed complained of, put plaintiff in possession of his homestead under proper process, and quiet the title thereto in him as prayed. On the coming down of the mandate to this effect, the same was spread of record in the trial court and judgment entered accordingly, save and except that no process was directed to issue to put plaintiff in possession. This for the reason that at the time of entering judgment on the mandate the heirs of said Hewitt, plaintiffs in error here, to wit, J. A. Hewitt, Amanda Hewitt, Blanche Hewitt, and Lula Hewitt, filed in said

court in said cause, with notice to said Goldsborough, in effect a petition in intervention, pursuant to article 24 of the Code of Civil Procedure of the State of Oklahoma, known as the "Occupying Claimant's Act," setting up that their father, said Robert Hewitt, had been in quiet possession of said land for 15 years up to the date of his death, during which time, and since, they say, they have been in quiet possession thereof; that said Hewitt was holding said land under the deed set aside, and had made thereon lasting and permanent improvements (describing them); and prayed that an entry be made upon the journal of the date for the trial of their rights as occupying claimants under said act, which said petition the court denied and rendered and entered judgment accordingly. To reverse said judgment, after superseding the same, this proceeding in error was commenced.

Since we have already held in *State of Okla. ex rel. Goldsborough v. A. H. Huston, supra,* that "the district court may hear and determine any matters left open by the mandate of this court," being of opinion that the subject-matter thus proposed by said heirs to be litigated was left open by the mandate in *Goldsborough et al. v. Hewitt,* 26 Okla. 859, 110 Pac. 906, the only question for us to determine is whether said heirs had a right to thus come in and claim the benefit of said act. They had. Snyder's Stat. of Okla., sec. 6128, which they invoke, reads:

"In all cases any occupying claimant being in quiet possession of any lands or tenements for which such person can show a plain and connected title in law or equity, derived from the records of some public office, or being in quiet possession of and holding the same by deed, devise, descent, contract, bond, or agreement from and under any person claiming title as aforesaid, derived from the records of some public office * * * shall not be evicted or thrown out of possession by any person or persons who shall set up and prove an adverse and better title to said lands until said occupying claimants, his, her or their heirs, shall be paid the full value of all lasting and valuable improvements made on such lands by such occupying claimant, or by the person or persons under whom he, she or they may hold the same, previous to receiving actual notice by the commence-

ment of suit on such adverse claim by which eviction may be effected."

Section 6130:

"The court rendering judgment in any case provided for by this article against an occupying claimant, shall, at the request of such occupying claimant, for the benefit. of the provisions of this article, cause an entry to be made upon the journal of such request, and shall at once set a day for the trial of the right of such occupying claimant to compensation for all lasting, valuable and permanent improvements made by such occupying claimant, or those under whom he claims, upon the premises prior to the issuing of summons in the cause, and at such trial each party shall produce his evidence relating to such improvements," etc.

As the record discloses that defendant Robert Hewitt, the ancestor of petitioners, was, for years prior to and at the time of his death, in quiet possession of the homestead in controversy, claiming under deed from William H. Goldsborough, dated February 18, 1897, which was afterwards held void on suit commenced against him in the district court by said Goldsborough March 23, 1904, we are of opinion that Hewitt, on the coming down of the mandate, if living, would have had the right to invoke said act in aid of a recovery of the lasting and valuable improvements placed by him on said land between those dates; so we are further of opinion that on his death the right so to do would survive to his heirs under the express terms of said act, and that the court erred in refusing to grant the prayer of their petition and set their claim down for hearing.

The cause is therefore reversed and remanded, to be proceeded with in accordance with this opinion.

All the Justices concur.