(No. 1964, December 7, 1917.)

## PETERSON v. FOLEY.

### SYLLABUS BY THE COURT.

A motion for judgment on the pleadings must be in writing, and must specifically point out the reasons upon which it is based.

Appeal from District Court, San Juan County; Abbott, Judge.

Action by Frances Peterson against Frank A. Foley, as administrator of the estate of Elsie H. Peterson, deceased. Judgment for defendant dismissing the petition, and plaintiff appeals. Judgment affirmed.

Frank A. Burdick, of Farmington, for appellant. J. M. Palmer and Walter M. Danburg, both of Farmington, for appellee.

### OPINION OF THE COURT.

ROBERTS, J. This action was instituted in the court below by appellant against the appellee as administrator of the estate of Elsie H. Peterson, deceased, to set aside and vacate a judgment confirming a sale of real estate of the deceased by said administrator. Relief was sought upon the ground of alleged irregularity in the matter of the entry of said order and judgment of confirmation. The removal of Frank A. Foley as administrator of said estate was also sought. Several alleged irregularities were specified in the petition.

Appellee was duly served with process, appeared, and filed an answer denying, or evidently undertaking to deny, all the material allegations of the petition. It appears that by stipulation it was agreed that appellee would appear and answer and that the case should be set down for final hearing at the term of court then in session. Appellee was present in court with his witnesses ready for trial, and appellant thereupon filed the following motion:

"Comes now the above-named petitioner and moves the court that judgment be entered upon the pleadings filed herein."

The motion was denied, and the parties were ordered to proceed with the trial; whereupon the petitioner elected to stand upon the motion and refused to introduce any evidence in support of his petition, and the court entered judgment for the appellee and dismissed the petition. In

this court appellant seeks to review the action of the court in overruling the motion for judgment on the pleadings.

Appellee contends that, as the motion for judgment contained no specifications of the reason upon which it was founded, the action of the court in overruling the motion is not subject to review in this court.

Section 4156, Code 1915, provides:

"All motions shall be accompanied by a written specification of the reason upon which they are founded, and no reason not so specified shall be urged in support of the motion."

That the motion here under consideration fails to comply with this requirement of the statute is obvious, and for this reason the action of the court in overruling the same was proper.

In 14 Ency. of Pl. & Pr. 117, it is said:

"A motion must state the grounds or reasons on which it is based, or it will be overruled. And as has been seen this is sometimes specifically required by statute or rule of court to be done in writing."

At page 119 of the same book, it is said:

"Not only must a party assign a ground for his motion, but he must assign all the grounds for the relief sought which he may have, and objections known to exist and not raised at the time of the motion may be deemed waived."

In Bliss on Code Pleading, § 420, the author says, in speaking of the practice in regard to motions: "It must clearly specify the reasons upon which it is based."

This section of our practice act was evidently taken from Missouri, and the court of that state holds that motions must be in writing and must specify the grounds upon which they are founded. Paddock v. Somes, 102 Mo. 226, 14 S. W. 746, 10 L. R. A. 254. In Pattison's Missouri Code Pleadings, § 908, the author says:

"Where a motion for judgment on the pleadings is sustained, every ground except those mentioned in the motion is excluded, though other grounds in support of the judgment may be found in the pleadings."

The same author, at section 966, refers to the statute which requires all motions to be in writing, accompanied

by written specifications of the reasons upon which they are founded.

In 31 Cyc. 633, it is said:

"A motion relating to the pleadings must generally be in writing. The motion papers must specify the grounds upon which it rests and the defects complained of, and only the grounds mentioned can be considered by the court."

In the case of Brown v. Jones, 125 Ind. 375, 25 N. E. 452, 21 Am. St. Rep. 227, the court holds that a motion for judgment on the pleadings must indicate the specific defects complained of.

Tested by the foregoing rules, it is apparent that the motion in question was properly overruled by the trial court because of its failure to specify the grounds upon which the relief was sought. The reason for the rule is obvious. Were it otherwise, a party to a cause in the district court might move for judgment on the pleadings without giving the court any intimation as to the defect upon which he relied and by appeal bring the case to this court and here specifically point out for the first time the defects in the pleading upon which he relied in his motion. If this court should find that the claimed defect existed and warranted relief, it would reverse the cause, with instructions to the district court to sustain the motion for judgment on the pleadings; whereas, if he complied with the statute and pointed out specifically the defects in the pleading of his adversary, an opportunity would be afforded to amend.

For the reasons stated, the judgment of the court below will be affirmed, and it is so ordered.

HANNA, C. J., concurs. PARKER, J., being absent, did not participate.