**OWENS v. MORAINE et ux.**

No. 12692—Opinion Filed Jan. 6, 1925.

1. **Specific Performance — Uncertainty of Contract Terms.**
   Specific performance of a contract will not be enforced when any material part of the terms or conditions are uncertain.

2. **Frauds, Statute of — Oral Contract to Execute Oil Lease for Five Years—Payment of Purchase Price.**
   On an oral contract to execute an oil and gas mining lease for a period of five years, Producers's Form 88, payment of the purchase price alone is not sufficient to take the contract out of the statute of frauds.

3. **Pleading — Sufficiency of Petition— Motion for Judgment on Pleadings.**
   A motion for judgment on the pleadings is not the proper pleading for testing the sufficiency of a petition, and such motion should not be sustained except where it is affirmatively made to appear that the party against whom the motion is leveled has fully developed, by his pleading, his cause of action or defense.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Logan County; T. P. Clay, Assigned Judge.

Action by O. O. Owens against Harve Moraine and Hattie Moraine, his wife. Judgment for defendants, and plaintiff appeals. Reversed.

Dale & Bierer, for plaintiff in error.

John Adams, for defendants in error.

Opinion by RAY, C. Plaintiff in error, plaintiff below, seeks to enforce specific performance of an oral contract. It is alleged that at the time the oral contract was entered into, and for a long time prior thereto, the plaintiff was engaged in the industry of developing land for oil and gas, and in drilling wells on which it was thought successful oil and gas production could be obtained by the expenditure of large sums of money; that he had blocked out an area of territory where he was willing to attempt oil and gas developments; that he had proposed to the landowners in that vicinity, and within the block of land selected by him, that if they would execute to him oil and gas mining leases on a form of lease known as "Producer's Form 88," he would drill a test well within such block of land so selected to a sufficient depth to determine whether there was oil and gas under the land comprising that block of leases; that he would, at his own expense, procure the equipment for the drilling of all oil and gas prospects, and would have same drilled for the mutual benefit of himself and the landowners; that after the proposition was thoroughly discussed with the defendants in this case and the other landowners in that vicinity, an oral contract was entered into with the landowners, including the defendants, by the terms of

which the individual landowners, including the defendants, agreed to execute and deliver to the plaintiff oil and gas mining leases on the form known as "Producer's 88" when the plaintiff had purchased the necessary material for constructing a rig on the block of land; that pursuant to the agreement he made the selection of a proper place to sink the test well and purchased material and erected a derrick, purchased drilling machinery, equipment, and casings for the purpose of proceeding with the test well at an expense to himself of more than $25,000; that after he had constructed the derrick, a standard rig, and spudded in and begun the drilling of the well, most of the landowners executed leases in conformance with their agreement, but that defendants, owners of a particular quarter section described within the block, had failed and refused to carry out their contract and refused to execute a lease upon the land owned by them as they had agreed to do. A copy of the lease, Producer's Form 88, which plaintiff alleges the defendants had agreed to execute, is attached to the petition. To that petition defendants filed answer by (1) a general and specific denial, and (2) pleaded the statute of frauds; to which the plaintiff replied by a general denial.

After issues were joined the defendants filed a motion for judgment on the pleading, which was by the court sustained, and judgment entered for the defendants, from which the plaintiff appeals.

Counsel for defendants in error in their brief and oral argument contends (1) that the entering upon a particular tract other than the tract of land here involved and the erection of the derrick and the assembling of tools, machinery, etc., for well drilling purposes, and the commencement of well drilling operations, was not such possession of the land here involved as would take the oral contract out of the statute of frauds; (2) that the oral contract alleged in the petition is not sufficient to sustain a decree of specific performance because the contract, as alleged, is incomplete, uncertain, and indefinite in this, that it is not alleged that the amount to be paid for gas wells and gas to be discovered, or the amount to be paid for casing head gas, had been agreed upon by the parties; that there was no allegation as to when the casing head money should be paid, whether quarterly or semiannually; that the petition contained no allegation that the parties had agreed upon a depository bank; that it was not made certain as to whether the lease should commence when the well was spudded in or when the well should be completed.

In the case of Woodworth et al. v. Franklin, 85 Okla. 27, 204 Pac. 452, it was held that an oil and gas mining lease, such as it is alleged the defendants agreed to execute, is within the statute of frauds. This court said :

"An oil and gas mining lease, commonly known as 'unless lease,' which provides that it shall remain in force for a term of five years from its date, and as long thereafter as oil or gas, or either of them, is produced from the land by the lessee, and which contains the clause that if no well be commenced on said land on or before the expiration of one year from the date of said lease, the same shall terminate as to both parties, unless the lessee, on or before that date shall pay, or tender to the lessor, a specific sum of money, which shall operate as a rental and cover the privilege of deferring the commencement of a well for 12 months from said date, etc., is a lease of land for a period of five years, and under the provisions of the fifth subdivision of section 941, Rev. Laws 1910, is invalid unless in writing."

It is admitted by plaintiff that payment or part payment and possession is necessary to take the oral contract out of the statute of frauds, but he contends that the performance of the contract on his part and the taking of possession of the quarter section, which was by him selected as the place for sinking the test well, was taking possession of all the land within the block of land selected by him sufficient to take the case out of the statute.

Plaintiff's petition does not describe the block of land selected by him either by legal subdivisions or by metes and bonds. No conclusion can be drawn from the pleading as to whether that block selected was large or small; whether it covered a full section or a township. By the legal description given of the lands of the defendants and of the quarter section selected for drilling the test well, it appears that the two tracts are more than a mile and a half apart. No authority has been called to our attention to the effect that possession of one quarter section can be constructive possession of another tract of land completely separated from it.

In Collins v. Lackey, 31 Okla. 776, 123 Pac. 1118, the court said:

" * * * It is well settled by the authorities that the payment of purchase money alone is not sufficient performance of an oral agreement to sell real estate to authorize the court to enforce specific performance thereof. The authorities are practically unanimous that payment of the purchase price and taking possession under the contract and making valuable improvements on

the granted premises constitute such performance of the contract as will warrant a decree of specific performance."

Under this authority it is just as essential that the vendee take possession as it is that the purchase money be paid. Can it be said under the allegations of this petition that the plaintiff took possession of the land involved?

There is no allegation contained in the petition that there was any agreement between the plaintiff and defendant that the plaintiff should have possession of the land. In Collins v. Lackey et al., above cited, it was said:

" * * * Such entry, in order to authorize specific performance, must be in pursuance of and on the faith of the contract. Halsell et al. v. Renfrow, 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286; Id., 202 U. S. 287, 26 Sup. Ct. 610, 50 L. Ed. 1032, 6 Ann. Cas. 189; Brown on the Statute of Frauds, secs. 483-484; McNeill v. Jones, supra; Foster v. Kimmons, 54 Mo. 488; Benedict v. Bird, 103 Iowa, 612, 72 N. W. 768; Browder v. Phinney, 37 Wash. 79, 79 Pac. 598; Wood v. Thornly, 58 Ill. 465.

"It is a well settled principle that specific performance of a contract will not be enforced when any material part of the terms or conditions is uncertain. Strack v. Roetzel, 46 Okla. 695, 148 Pac. 1017."

For the reasons stated we think the oral contract, as alleged in the petition, insufficient to sustain a decree of specific performance in this: (1) That it does not describe particularly the land included in the block selected for development, either by legal subdivisions or by metes and bonds. (2) It is not made to appear that by the terms of the contract the defendants in this case agreed that the plaintiff should make entry upon or have possession of the land here involved, either by specific or general allegation. (3) The names of all the parties to the contract are not disclosed. (4) It is not alleged that there was an agreement as to the amount to be paid for gas wells should gas be discovered. (5) There is no allegation as to when the lease should commence.

If the court had sustained a general demurrer to the petition, and the plaintiff had elected to stand upon the petition and appeal from the order sustaining the demurrer, the judgment would be affirmed, but there was no demurrer filed to the petition. After issues joined the court sustained the motion of the defendant for judgment upon the pleadings. The pleadings provided by the procedure act are sections 263 and 264, Comp. Stat. 1921;

"263. The rules of pleading heretofore existing in civil actions are abolished; and hereafter, the forms of pleadings in civil actions in courts of record, and the rules by which their sufficiency may be determined, are those prescribed by this Code."

"264. The only pleadings allowed are: First. The petition by the plaintiff. Second. The answer or demurrer by the defendant. Third. The demurrer or reply by the plaintiff. Fourth. The demurrer by the defendant to the reply of the plaintiff."

A motion for judgment on the pleadings is not the proper method of testing the sufficiency of a pleading, but such procedure has always been condemned by this court. A demurrer is the only pleading recognized by the code as performing that function. In the case of Good v. First Nat'l Bank of Roff, 88 Okla. 110, 211 Pac. 1051, this court said:

"The rendering of judgment upon the pleadings on motion is not favored by the courts. 31 Cyc. 605. A motion for judgment on the pleadings should only be sustained where no cause of action or defense is stated and such pleading is not susceptible of amendment. The proper practice for challenging a petition for failure to state facts sufficient to constitute a cause of action where the petition may be amended so as to cure the defect is by demurrer. Important questions of law involving the merits of the action are properly raised by a demurrer. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811; Hubenthal v. Spokane, etc., R. Co., 43 Wash. 677, 86 Pac. 955; Jones v. Procter, 24 Ohio Cir. Ct. R. 80.

The court should never sustain a motion for judgment on the pleadings except where it is affirmatively made to appear that the party against whom the motion is. leveled has fully developed by his pleading his cause of action or defense. When a demurrer to a petition is sustained the plaintiff has a right to amend. The petition in the instant case is susceptible of amendment in all the particulars pointed out which make it defective. The effect of the motion for judgment on the pleading, when sustained, is to deprive the party of the right of amendment. Plaintiff in error in this case has asked, in brief and oral argument, that if the petition be found defective that he be given the opportunity to amend. We think he should have had that opportunity in the trial court after the court had held the petition insufficient. The right to elect whether to take leave to amend, or to stand upon the pleadings, is properly exercised after the court has announced its ruling.

When a motion for judgment rests upon the insufficiency of a pleading, the party,

against whom the motion is leveled, should be given the opportunity to amend after the court has announced its ruling and before the judgment is entered. This court will not affirm a judgment rendered upon a motion for judgment on the pleadings, because of insufficient allegations in any pleading, unless it clearly appears that the pleading could not have been amended, or the party elected to stand on the pleading as filed.

For the reasons stated the judgment is reversed, with directions to vacate the judgment and proceed according to the views here expressed.

It being made to appear that Harve Moraine, one of the defendants in error, died since this cause was submitted, the clerk is directed to file this opinion and enter judgment as of the date of submission. Goldsborough v. Hewitt, 26 Okla. 859, 110 Pac. 906; Kaw Boiler Works v. Frymyer, 105 Okla. 177, 231 Pac. 1059.

By the Court: It is so ordered.

Note.—See under (1) 36 Cyc p. 588; (2) 27 C. J. p. 349; (3) 31 Cyc p. 608.