## INGRAM v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1925.)

No. 6736.

**1. Criminal law ☞1090(4)—Rulings involving issues of fact cannot be reviewed, in absence of bill of exceptions, embodying proof heard.**

Ruling on motion for return of papers illegally taken, involving issues of fact, cannot be reviewed, in absence of proper bill of exceptions, embodying motion and proofs.

**2. Criminal law ☞393(2)—Bill of sale produced by one charged with receiving and concealing stolen automobile held competent evidence.**

Where one charged with receiving and concealing stolen automobile, in violation of Act Cong. Oct. 29, 1919, § 4 (Comp. St. Ann. Supp. 1923, § 10418e), when first confronted by officer, produced a bill of sale under which he claimed, proof of such bill did not constitute compulsory self-incrimination.

**3. Criminal law ☞1169(2)—Admission of testimony, if error, held not prejudicial, in view of like testimony by other witnesses.**

In prosecution under Act Cong. Oct. 29, 1919, § 4 (Comp. St. Ann. Supp. 1923, § 10418e), for receiving and concealing automobile moving in interstate commerce, knowing it to have been stolen, error, if any, in permitting clerk of State Highway Department to testify from records kept by that department without proper verification of them, held not prejudicial, where facts testified to were fully established by other witnesses.

**4. Criminal law ☞901—Defendant's introduction of evidence, after overruling of demurrer and denial of motion for directed verdict, estops him from pursuing demurrer and motion further.**

Introduction of evidence, after overruling of defendant's demurrer to state's evidence and overruling of motion for directed verdict of acquittal, estops defendant from further pursuing demurrer and motion.

**5. Receiving stolen goods ☞9(1)—Evidence on trial for receiving and concealing stolen automobile moving as part of interstate commerce held to make jury question.**

Evidence held to make question for jury, in prosecution under Act Cong. Oct. 29, 1919, § 4 (Comp. St. Ann. Supp. 1923, § 10418e), for receiving, storing, and concealing an automobile moving as part of interstate commerce, knowing it to have been stolen.

**6. Criminal law ☞829(1)—Refusal of requested instruction, covered by others given, is not error.**

Refusal of requested instruction, covered by others given, is not error.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

R. W. Ingram was convicted of receiving, storing, and concealing an automobile moving as part of interstate commerce, knowing it to have been stolen, and he brings error. Affirmed.

William Pfeiffer, of Oklahoma City, Okl., for plaintiff in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN and LEWIS, Circuit Judges, and POLLOCK, District Judge.

SANBORN, Circuit Judge. This writ of error challenges the legality of the proceedings in the court below prior to and at the trial of the defendant Ingram under an indictment for receiving, storing, and concealing a Ford coupé moving as a part of interstate commerce, knowing the same to be stolen, in violation of section 4 of chapter 89 of 41 Statutes at Large, p. 325 (Comp. St. Ann. Supp. 1923, § 10418e). He was convicted and sentenced to imprisonment for three years in the penitentiary.

[1] His counsel first complain that on the 8th day of September, 1923, the court below, after hearing the motion of the defendant Ingram for the return of certain papers alleged to have been taken from him unlawfully, upon evidence, testimony, and argument denied that motion. But the order overruling this motion shows on its face that it was founded on evidence and testimony, but none of that evidence or testimony has been preserved or is presented to us in the record.

"When a motion is presented to a trial court, which presents issues of fact for determination by that court on evidence adduced by the respective parties, the action of the trial court cannot be reviewed on a writ of error, unless a proper bill of exceptions, embodying the motion and the proofs, is duly settled, signed, and filed, so as to show to this court, in an authentic form, on what state of facts the action of the trial court was predicated." Hildreth v. Grandin, 97 F. 870, 872, 38 C. C. A. 516, 518; Chicago Great Western R. Co. v. LeValley, 233 F. 384, 387, 147 C. C. A. 320, and cases there cited. The action of the court below on the motion is therefore not reviewable now.

[2] The second ruling of the court that defendant's counsel challenge is the admission in evidence of the bill of sale of "one Ford coupé, motor No. 4198935, license No.

244600," from J. C. Stanley to the defendant, in this state of the evidence. B. D. Farris, a police officer and a witness for the government, had testified that he went out to the house of the defendant in Oklahoma City, Okl., and there found the Ford coupé which had been stolen from Mr. Alexander, of Wellington, Kan.; that the defendant drove up while he was there; that the witness looked at the motor number of the stolen car and said to the defendant, "It has been defaced, and I want to take this car down and take you down and investigate the car;" and the defendant replied that he bought it of a party by the name of Stanley. The witness testified that he asked the defendant who Stanley was, and he said he did not know, and that he would show the witness the bill of sale of it; that the defendant and the witness then went into the defendant's house, and the defendant got the bill of sale, and they came out of the house, and the witness took the defendant down to the station. The witness was then shown the bill of sale by counsel for the government, and he testified that it was the bill of sale the defendant presented to him at the time he arrested him. The bill of sale was then offered in evidence.

Counsel for the defendant asked the witness Mr. Farris if that was the bill of sale the defendant handed to him when he was questioned at the police station as to the title of the car, and he answered that it was in front of Mr. Ingram's house when he arrested him, and that he was positive that the defendant brought that bill of sale and gave it to him, at the time stating that he got the bill of sale from Stanley. Asked if the defendant did not ask him to return the bill of sale, the witness answered that he did not believe he did at the time, but that he was not positive as to that. Asked if, when the defendant showed him the bill of sale, he did not remark to him, "Well, we will just hold this as evidence," the witness answered that he was not positive as to that; that he might have said something of that kind. Thereupon counsel for the defendant objected to the introduction in evidence of the bill of sale, "for the reason that it was taken from the person of this defendant, or at least handed to him, for the purpose of identification, and refused to return it when the defendant demanded it." The court overruled the objection, and the defendant excepted. His counsel now contend that the action of the witness Farris and the circumstances under which he received the bill of sale resulted in compulsory self-incrimination of the defendant, and rendered the bill of sale incompetent evidence. No such objection was made at the trial, and, if it had been made, it would have been utterly untenable, for the evidence is conclusive that the defendant voluntarily and in his own defense produced and showed the bill of sale to Mr. Farris. From that moment it was competent evidence for either party in this case upon the crucial issue whether or not the defendant knew the car was stolen when he received and attempted to conceal it.

[3] The next error alleged is that, without any proper verification of the book and papers purporting to contain a record of the applications for the licenses and tags for automobiles and the issue thereof, except that they were parts of the records in the state highway department, W. S. Cathey, a clerk in that department, was permitted, over proper objections and exceptions of the defendant, to testify from his inspection of this book and these papers that automobile license tag No. 230838, 1922, was issued to Mr. Ingram on a 1921 Ford coupé, motor No. 4198935; that this license was canceled September 22, 1922, and a duplicate license and tag No. 244600, in lieu of No. 230838, were issued to Ingram, on an application by R. W. Ingram, by D. D. McConnell. Conceding that this evidence was incompetent, and its reception error, the only purpose and effect of it in this case was to prove the existence of the first license on Ingram's old 1921 car, which he owned, and the issue of the later license and tags in lieu of the earlier ones on September 22, 1922, and all these facts were conclusively proved in this case by the testimony of Ingram and McConnell. Ingram testified that the motor number of the old Ford coupé, that he owned before he bought the stolen car, was 4198935; that on September 22, 1922, he sent McConnell out to the highway department with his old receipt or license, to have him represent to that department that his old license tags were lost, and to get new license tags, and that McConnell did so; that the number of the license and tags McConnell obtained for him was No. 244600; that in order to enable McConnell to make this change he gave him his old receipt or license, which was received in evidence in this case as Exhibit No. 2 without objection, and which shows that its number was 230838, and that the engine number of the old car was 4198935. McConnell testified that on September 22, 1922, Ingram gave him a license receipt like Exhibit No. 2; that he signed Ingram's name by McConnell to the application for the new license and tags; and that he obtained them, delivered

them to Ingram, and he put the tags on the car he got from Stanley, which had no tag at all on it before. Because all that was relevant to the issue in his case that the government sought to prove by Cathey was conclusively proved by the testimony of Ingram and McConnell, without any contradiction in the evidence, the receipt of Cathey's testimony was not prejudicial to the defendant, and is not fatal to his trial and conviction.

[4] His counsel argues that the court erred in that, at the close of the evidence for the government, it overruled his demurrer thereto, and his motion for a directed verdict of acquittal, on the ground that the government had produced no substantial evidence of knowledge of the defendant that the car he procured had been stolen. But counsel for the defendant did not stand upon his demurrer or motion, but subsequently introduced evidence for the defendant, and thereby estopped his client from further pursuing the demurrer and the motion. Barnard v. Randle, 110 F. 906, 907, 49 C. C. A. 177.

[5] At the close of all the evidence counsel for the defendant requested the court to instruct the jury that the government had failed to establish its case against the defendant and that they should acquit him. We have carefully read and thoughtfully considered all the evidence in this case, and it contains too many unique and unusual facts and circumstances to warrant us in reaching the conclusion that the evidence was as consistent with the innocence as with the guilt of the defendant. McConnell testified that the stolen car had no license tags on it when he first saw it on September 22, 1922, and that day the defendant put on the new tags which McConnell had obtained that day from the highway department. Stanley, who according to the testimony of the defendant sold this car to him and signed the bill of sale of it, was unknown to the defendant, and was never seen or heard of after he executed that bill of sale. The sale and the bill of sale were made at Ingram's house on September 22, 1922; but the bill of sale bears the date of July 16, 1922, and in describing the car it gives the engine number of the defendant's old automobile, which he owned before he obtained the stolen car, and gives the license No. 244600, which first appeared on the new license and tags which McConnell obtained on September 22, 1922, by surren-

dering the license on the defendant's old automobile and representing that the old tags were lost. There was no error in submitting to the jury the question of the guilt or innocence of the defendant.

[6] It is assigned as error that the court refused to give an instruction requested by the defendant's counsel to the effect that, if the jury should be convinced beyond a reasonable doubt that the automobile was stolen from its owner, R. T. Alexander, of Wellington, Kan., and transported unlawfully from the place where it was stolen into the Western district of Oklahoma, yet that fact within itself was not sufficient to convict the defendant of the offense charged against him in the indictment. That is a correct statement of the law, but that statement was clearly and plainly embodied in the general charge of the court, although not in the exact words of counsel's request, and, in this state of the case, it was not error to refuse to grant his request. Where a rule or principle of law is clearly declared in the general charge, it is not error for the court to refuse to repeat it in the words of counsel. Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co., 114 F. 133, 144, 52 C. C. A. 95; Southern Pacific Co. v. Schoer, 114 F. 466, 473, 52 C. C. A. 268, 57 L. R. A. 707, and cases there cited.

This rule also applies with like force to the next and last complaint of counsel to the effect that the court refused his request to charge the jury, "You are instructed that mere suspicion of the commission of an offense is not sufficient to convict, and you are therefore instructed that if, after a full consideration of all the facts and circumstances in this case, you entertain only a suspicion of defendant's guilt, you will acquit him." The charge of the court in this case was replete with clear and forceful instructions that, unless they were convinced beyond a reasonable doubt by the evidence that the defendant knew the automobile was stolen when he bought it, obtained the new license, and put the new tags on it, and was guilty of the offense charged, they must acquit him. No juror could have heard or read that charge without clear and definite knowledge that he could not lawfully vote to convict the defendant on mere suspicion, and the judgment below must be affirmed.

It is so ordered.