**FELTON v. UNITED STATES.**

(Circuit Court of Appeals, Sixth Circuit. November 9, 1925.)

No. 4447.

1. **Criminal law ⇐1115(1)—Sufficiency of affidavit or search warrant not reviewable, where copy of neither is in record.**

Where record does not contain copy of either affidavit or search warrant, sufficiency thereof is not reviewable.

2. **Criminal law ⇐901—Error in denying directed verdict at close of government's evidence waived by defendant's offer of evidence thereafter.**

Error, if any, in overruling defendant's motion for directed verdict at close of government's evidence, is waived by defendant's offer of evidence thereafter.

3. **Intoxicating liquors ⇐236(6½, 19)—Evidence held to sustain conviction for unlawful manufacture and possession, and for possession of property designed for manufacture.**

Evidence held to sustain conviction for unlawful manufacture and possession of intoxi-

cating liquor, and for possession of property designed for unlawful manufacture.

4. **Criminal law ⇐1169(7)—Errors, if any, growing out of alleged invalidity of search warrant, held harmless, in view of testimony of one defendant.**

In prosecution for unlawful manufacture and possession of liquor and unlawful possession of property designed for manufacture, where one defendant, placed on stand by his codefendant, testified that there was a still on his codefendant's premises, but that he (witness) had nothing to do with it, held, errors, if any, growing out of invalidity of search warrant, were not prejudicial.

In Error to the District Court of the United States for the Western District of Kentucky; Charles I. Dawson, Judge.

H. B. Felton was convicted of unlawful manufacture and possession of intoxicating liquor and of possessing property designed for unlawful manufacture, and he brings error. Affirmed.

J. L. Richardson, of Louisville, Ky. (W. G. Dearing, of Louisville, Ky., on the brief), for plaintiff in error.

W. S. Ball, U. S. Atty., of Louisville, Ky. (Lilburn Phelps and Claude Hudgins, Asst. U. S. Attys., both of Louisville, Ky., on the brief), for the United States.

Before DONAHUE and MOORMAN, Circuit Judges, and SESSIONS, District Judge.

DONAHUE, Circuit Judge. The plaintiff in error was convicted on all three counts of an information. The first count charged the unlawful manufacture of intoxicating liquor for beverage purposes, the second count with having in his possession property designed for the unlawful manufacture of intoxicating liquor, and the third count the unlawful possession of intoxicating liquor. The court imposed a sentence of imprisonment for a period of six months in the Jefferson county jail.

[1, 2] It is claimed on behalf of the plaintiff in error that the search warrant was invalid, for the reason that the affidavit did not state that intoxicating liquor was being sold on the premises searched. Staker v. U. S. (C. C. A.) 5 F.(2d) 312. The record in this case does not contain a copy either of affidavit or the search warrant. For this reason we do not think the sufficiency of the affidavit or the validity of the search warrant is presented by this record. Even if it were presented, the plaintiff in error did not rely upon his motion for a directed verdict at the close of the evidence offered by the government, but, on the contrary, offered

as a witness Theodore Simmones, who was jointly charged with him in each count of the information.

[3] Simmones testified that he was employed by Felton to collect city garbage and feed over 40 hogs, and that in addition to this he worked on the truck farm of about 12 acres; that he had no connection whatever with the still, but that there was a still on Felton's premises; that he saw Felton come in with the truck loaded with sugar and meal, four or five sacks, of about 100 pounds each. This testimony of Simmones, if believed by the jury, was in and of itself sufficient to prove the guilt of Felton beyond a reasonable doubt. This witness being called on behalf of both defendants, and without any claim on the part of counsel for Felton that they were taken by surprise by this witness' testimony, and without offering any other proof tending to establish a different state of facts, there is no apparent reason why the jury should not have accepted this evidence, at least in so far as it tended to prove the guilt of Felton. It appears from the verdict, however, that the jury did accept as true all of the testimony of this witness, and returned a verdict of not guilty as to Simmones and guilty as to Felton.

[4] For this reason, the errors complained of, even if they were exhibited by the record, would not be prejudicial.

Judgment affirmed.