## ITURRINO v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. November 4, 1926.)

No. 1915.

**1. Criminal law 911, 1156(1).**

Denial of motion for new trial is generally discretionary, and presents no question for appellate court.

**2. Criminal law 1115(1).**

Where search warrant is not set out in record, validity of issuance and service cannot be determined on appeal.

**3. Criminal law 1122(5).**

Assignment that court failed to give certain instructions cannot be reviewed, where such instructions are not set out in record.

In Error to the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Gonzalo Iturrino was convicted of the unlawful possession of intoxicating liquor, and he brings error. Affirmed.

Hugh R. Francis and B. F. Sanchez, both of San Juan, Porto Rico, for plaintiff in error.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (John L. Gay, U. S. Atty., and Jesus A. Gonzalez, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an information filed by the United States district attorney for Porto Rico containing three counts. The first count charges the defendant with the unlawful possession of intoxicating liquor, and the other two counts charge unlawful sales. The defendant was found guilty on the first count, and not guilty on the remaining counts, and was sentenced to pay a fine of $500 and costs.

The error assigned is that the court erred in not granting the motion for a new trial. The motion for a new trial was based on the grounds that the court erred (1) in not quashing the search warrant in the case; and (2) in not instructing the jury that the possession of the liquor in a private dwelling is lawful, and that the government must prove beyond reasonable doubt that its possession was unlawful.

[1-3] The search warrant is not set out in the record, and the same is true as to the instructions given or requested. As a rule the denial of a motion for a new trial is discretionary, and presents no question for the appellate court; but, if this were not so, the questions here sought to be raised by the motion could not be considered and determined, even though they were properly saved at the trial. Without the search warrant and the return thereon, it cannot be determined whether the warrant was properly issued and served, and we are equally without means of knowing what the court instructed or was requested to instruct the jury. Under these circumstances the judgment of the District Court must be affirmed.

The judgment of the District Court is affirmed.