## DORAN et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
March 25, 1929.

No. 5622.

John G. Skinner, of Red Lodge, Mont., for appellants.

Wellington D. Rankin, U. S. Atty., and Arthur P. Acher, Asst. U. S. Atty., both of Helena, Mont., and Howard Johnson, Asst. U. S. Atty., of Butte, Mont.

Before DIETRICH, Circuit Judge, and BEAN, District Judge.

DIETRICH, Circuit Judge. In the first count of an information the three appellants were charged with the manufacture of whisky; in the second, with the possession of property designed and intended to be used for that purpose; in the third, with the unlawful possession of whisky; and, in the

fourth, with the maintenance of a nuisance. All counts relate to the same time and to the same general place. Doran and Graves were found guilty upon only counts 3 and 4, and Morrison, upon all counts. From appropriate judgments pursuant to the verdict they each appeal.

A motion seasonably made for the suppression of part of the evidence, on the ground that it was obtained through an unlawful search, was heard upon affidavits and oral testimony prior to the trial, and denied. The testimony so adduced is not brought here by bill of exceptions or otherwise, and the order is therefore not open for review.

The only other assignment of substance challenges the sufficiency of the evidence to take the case to the jury. That some one was violating the laws in the several respects charged is conceded. Upon going to the ranch belonging to appellant Morrison, remotely situated in a rough, unsettled section of the country, prohibition agents followed the track of a two-wheeled cart, which had apparently been drawn by a team of mules, from near the dwelling house to a place just outside of the ranch, where they discovered a still house recently completed. Inside of it were mash vats, a pressure tank, and a burner. Following the tracks a little further, they came upon another still house in which were found several mash vats with about 700 gallons of mash, and about 50 feet away in the sage brush they discovered three stills. Returning to the farm yard they found, buried near a chicken house about 150 feet from the dwelling, two 50-gallon barrels of whisky, and buried in a blacksmith shop, two similar barrels that had contained whisky. Near the shop they also found two vats similar to those at the still sites. In the yard was a two-wheeled cart and in the barn were two mules. Fresh cart tracks and mule tracks were observed going both ways between the yard and the stills, but not further. Morrison was not present while the officers were there, but when they arrived the other two defendants were in the house eating their dinner. These two defendants testified that they had been working for Morrison at the ranch about two months and that he came there on an average of twice a week.

Other material circumstances were shown, and upon the whole, while circumstantial, the evidence was in our opinion abundantly sufficient to require that the issue of defendants' criminal connection with the unlawful enterprise be submitted to the jury.

Affirmed.