## BEACH v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 12, 1929.

No. 5674.

H. Sylvester Garvin, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Tom DeWolfe, Asst. U. S. Atty., both of Seattle, Wash.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. The appellant is convicted on three counts under the National Prohibition Law (27 USCA) for using a still to make mash, wort, and wash fit for distillation of spirits in carrying on the business of a distillery of spirits at 8033 Sunnyside avenue, Seattle, Wash.

The only question sought to be presented by the appeal is the validity of the search and seizure made by the officers at the above-mentioned residence of the appellant. The appellant claims that the affidavit upon which this search warrant was procured was insufficient. The transcript contains a petition for an order to suppress evidence and testimony signed by the petitioner's attorney and verified by the petitioner October 2, 1928, an application and affidavit for search warrant, signed by E. Corwin, sworn to on July 12, 1928, and search warrant dated July 12, 1928,

and return on the search warrant dated July 13, 1928, and affidavit in resistance by H. N. Bell, verified November 10, 1928, excerpts from the journal of November 30, 1928, stating defendant's objection to the introduction of evidence on the grounds stated in the motion to suppress evidence, the overruling of the motion, and motion for new trial and memorandum opinion of the court denying motion for new trial, and a bill of exceptions. None of the foregoing are incorporated in the bill of exceptions. The bill shows the proceedings at the time of the trial and the evidence introduced. The record presented on appeal is not sufficient to require or justify us in passing upon the question of the sufficiency of the affidavit for the search warrant.

In Pistillo v. United States, 26 F.(2d) 202, 203, a similar situation was considered by the Circuit Court of Appeals of the Eighth Circuit. Justice Sanborn, delivering the opinion of the court, said: "But, upon a thorough examination of the record in this case, we have discovered that none of these affidavits on which the motions are based or the motions are contained in the bill of exceptions, so that the questions counsel argue and the answers to which are conditioned by those motions and the affidavits on which they are based are not reviewable by this court."

The question of the necessity of incorporating in a bill of exceptions the evidence and rulings relied upon to show error was discussed by Judge Sanborn in an earlier opinion of the same court in Chicago Great Western R. Co. v. Le Valley, 233 F. 384, 387. From that earlier opinion he quotes in Pistillo v. United States, as follows: "It is a familiar and an established rule of practice of the federal courts that in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings upon motions, oral or written, to strike out parts of pleadings, rulings upon motions based on affidavits or evidence and rulings on written or oral requests for instructions to the jury founded upon evidence. * * * And neither the filing of a written motion founded on evidence, nor the recital by the clerk in his record of the proceedings of the trial of a case of such a motion, or of an exception to a ruling upon it, makes them a part of the record in the case, so that an appellate court may review the ruling. * * * In Hildreth v. Grandin [C. C. A.] 97 F. 870, 872, where an attempt was made to review an order on a motion founded on an affidavit and a judgment, this court declared that:

'When a motion is presented to a trial court which presents issues of fact for determination by that court on evidence adduced by the respective parties, the action of the trial court cannot be reviewed on a writ of error, unless a proper bill of exceptions, embodying the motion and the proofs, is duly settled, signed, and filed, so as to show to this court, in an authentic form, on what state of facts the action of the trial court was predicated.' "

The Circuit Court of Appeals of the First Circuit had a similar question before it in Iturrino v. United States, 15 F.(2d) 372, 373, where the appellant had made a motion for a new trial based upon the error of the court in not quashing the search warrant in the case. The search warrant was not set out in the record, and the court said: "Without the search warrant and the return thereon, it cannot be determined whether the warrant was properly issued and served. * * * Judgment * * * affirmed."

In the case of Felton v. United States (C. C. A.) 8 F.(2d) 990, attempt was made on appeal to take advantage of the alleged defect in the proceedings for search and seizure on the ground that the affidavit on which the search warrant was issued "did not state that intoxicating liquor was being sold on the premises searched." The court, speaking through Judge Donahue, stated as follows: "The record in this case does not contain a copy either of affidavit or the search warrant. For this reason we do not think the sufficiency of the affidavit or the validity of the search warrant is presented by this record."

In Doran v. United States, 31 F.(2d) 754, this court, speaking through Judge Dietrich, declined to consider a ruling of the trial court denying a motion seasonably made for the suppression of part of the evidence, on the ground that it was obtained through an unlawful search, because a part of the evidence upon that hearing was overruled and was not contained in the bill of exceptions.

In that case, as in this, the petition, affidavit, motion, and order on the motion to suppress evidence were set out and printed in the transcript but not incorporated in the bill of exceptions. In King v. United States, 1 F.(2d) 931, this court, speaking through Judge Bourquin, refused to consider a petition and affidavits used on a motion to suppress evidence where they were not incorporated in the bill of exceptions. The court there stated, "Ignoring, as we must, papers included in the transcript, but not in either the bill of exceptions or the record proper, the bill discloses, etc." An examination of the bill of exceptions in the transcript discloses that the facts stated by the court in its opinion were all set forth in the bill of exceptions. This decision is direct authority, if any is needed, for the proposition that papers purporting to have been used upon a motion to suppress evidence on the ground that the same was procured by an illegal search and seizure, cannot be considered unless incorporated in the bill of exceptions. To the same effect see, also, Cummings v. United States (C. C. A.) 15 F.(2d) 168.

In the Circuit Court of Appeals for the Eighth Circuit, on a motion to return certain papers alleged to have been taken from the defendant unlawfully, it was held that the action of the trial court in denying the motion could not be reviewed on appeal "unless a proper bill of exceptions, embodying the motion and the proofs, is duly settled, signed, and filed, so as to show to this court, in an authentic form, on what state of facts the action of the trial court was predicated." Ingram v. United States, 5 F.(2d) 940. In that case the court quoted with approval the rule stated in Hildreth v. Grandin (C. C. A.) 97 F. 870, 872. In McGrath v. United States, 275 F. 294, 296, the Circuit Court of Appeals of the Second Circuit, in the opinion delivered by Judge Rogers, attention is called to the fact that the record on appeal "consists of the indictment, the bill of exceptions, and the judgment" and holds that only matters thus presented can be reviewed on appeal. See, also, Krauss Bros. Co. v. Mellon, 276 U. S. 387, 48 S. Ct. 358, 72 L. Ed. 620.

Judgment affirmed.