BUNDY v. DARE.

| 62 | 295 |
|-----|-----|
| 141 | 404 |

1. **Contract for Sale of Land:** COMPLIANCE NECESSARY TO CONSUMMATE. Where defendant proposed to sell certain land to plaintiff for a price named, provided plaintiff sent $300, and paid $100 nearly due on a mortgage, and the plaintiff accepted the terms, but did not pay as required, *held* that the contract was not consummated, and that plaintiff could not afterward recover of defendant for his refusal to convey the land.

*Appeal from Taylor District Court.*

SATURDAY, DECEMBER 8.

ACTION to recover damages caused by the failure of the defendant to convey certain real estate to the plaintiff, which the latter claims the defendant agreed to convey to him. The cause was referred, and the referee found for the defend-

ant, and his report was confirmed by the court, and plaintiff appeals.

*J. L. Brown* and *L. Evans*, for appellant.

*G. L. Finn*, for appellee.

SEEVERS, J.—This is an action at law, and the only question to be determined is, whether the referee erred in finding that the terms upon which the plaintiff agreed to sell the land had been accepted and complied with by the defendant.

The plaintiff wrote the defendant, proposing to purchase the land. The defendant, in reply, proposed to sell for $1,400 —the purchaser to assume a mortgage for $1,000—and then proceeded to say: "Send me three hundred dollars, and pay the interest which is due April 1st, 1881."

The plaintiff accepted this offer, but he did not send or pay the $300, or pay the interest. Afterward, there was some controversy as to the kind of a deed the plaintiff was to execute, and whether or not the mortgage was to be assumed by the plaintiff, or discharged by the giving of a new note and mortgage. There is also some controversy as to whether one Cushman was the defendant's agent, and authorized by him to accept the money agreed to be paid. It will be conceded that Cushman was such agent.

The plaintiff paid Cushman $100 for the defendant, and a deed was sent the defendant to be executed by him. Before the deed reached him, he had sold the land to another party, and he refused to execute the deed.

The defendant proposed to sell the land for a named price, provided $300 was sent, and there was paid $100 interest nearly due on the mortgage. The plaintiff accepted this proposition, but did not comply with it. He did not pay or offer to pay the $300 and interest.

The defendant's proposition was: "Send me $300 and pay the interest." This did not become a contract until the money was paid. Possibly it might have been paid to Cush-

man, but this was not done. Mere readiness to pay is not sufficient. The plaintiff did not do all he was required to do. He was required to send the money to the defendant, or, at least, to pay it to Cushman as defendant's agent. Until he did this, defendant was not bound. We think the referee found correctly, and that the court did not err in confirming his report.

AFFIRMED.