ED. BENEDICT, Appellant, v. W. D. BIRD AND J. H. ENGLE.

Statute of Frauds: ADMISSION IN PLEADINGS. The admission by defendants in their original answer, introduced in evidence, of an oral contract to convey land, materially different from that pleaded by plaintiff, does not bring the case within Code 1873, section 3666, providing that the prohibition by section 3664, subdivision 4, of parol evidence to establish a contract creating interest in real estate shall not prevent the enforcement of such a contract, if it is not denied in the pleadings, nor oral testimony of the adverse party from being evidence.

PART PAYMENT. The "part payment" which takes a case out of the statute of frauds is not constituted by an arrangement that the agent of the seller shall pay him part of the purchase price for which the buyer agrees to reimburse said agent, which he never did, though the seller actually received such payment. It is the same as though the seller had made partial payment to himself.

POSSESSION. Evidence that, after an oral contract for the sale of land, the vendee went to the premises with his son, to whom he rented the place, picked up some lumber, and drove a few nails,

and that the vendor, when told by the vendee that he had rented the premises, said it was all right, and that neither the vendee nor his son was ever afterwards on the place, was insufficient to show that such a vendee had "taken and held possession * * * under and by virtue of the contract," within Code 1873, section 3665, which, excepts the contract from the statute of frauds.

SAME. To bring an oral contract to convey land within Code 1873, section 3665, providing that the prohibition by section 3664, subdivision 4, in such case of parol evidence to establish a contract creating an interest in land shall not apply where the vendee with the actual or implied consent of the vendor has taken and holds possession of the land "under and by virtue of the contract" it is indispensible that the possession shall have been taken and held under and by virtue of the contract.

WAIVER BY FAILURE TO OBJECT TO EVIDENCE. Defendant in an action for breach of an oral contract to convey land does not waive his plea of the statute of frauds by failing to object to the parol evidence when offered, where the plaintiff pleads facts which if established would show the contract to be valid because embraced within some of the exceptions stated in the statute; as plaintiff's order of proof was discretionary with him, defendant could not tell until it was closed whether plaintiff would not prove himself within some of said exceptions.

SALES—COMPLETION. An oral contract for the sale of land provided that the deed should be placed in a bank, and delivered when title was approved and payment made. The person employed by the vendee, after examining the deed and abstract, returned them to the bank, with his opinion that there was some defect in the title, whereupon the vendor took back the papers. *Held*, that the contract of sale was not completed.

INCONSISTENT CLAIMS: *Statute of frauds.* One who grounds his action upon damages sustained because the seller failed to complete his sale according to contract cannot urge therein that deed was fully delivered and that, hence, an oral bargain to sell land is taken out of the statute of frauds.

*Appeal from Ida District Court.*—HON. Z. A. CHURCH, Judge.

FRIDAY, OCTOBER 29, 1897.

ACTION at law to recover damages for a breach of an oral contract to convey land. Verdict directed for the defendants. Plaintiff appeals.—*Affirmed.*

*Warren & Johnston* for appellant.

*B. I. Salinger* and *J. C. Walter* for appellees.

Kinne, C. J.—I. Plaintiff claims: That on October 8, 1895, the defendants sold and agreed to convey to plaintiff eighty acres of land, at the agreed price of thirty-two dollars and fifty cents per acre, the deed and abstract showing title to be delivered at once, and price to be paid on said delivery. That Engle, who was in fact the agent of Bird, his co-defendant, said he would pay Bird, who held the legal title to the land, twenty dollars on the purchase price, and that thereafter both of the defendants told plaintiff it had been paid. That plaintiff took possession of the land, and leased it, and notified Bird that he had done so, and that the latter assented thereto. That it was agreed that the deed should be delivered to Baxter, Reed & Co., for plaintiff, and he would arrange with them to pay over the money when Mr. Bradshaw approved the title. That plaintiff placed money with said firm, with instructions to pay it to the defendants when the deed and abstract had been delivered and Bradshaw had approved the title. That the deed and abstract were delivered to Baxter, Reed & Co., and by them handed to Bradshaw. Thereafter, Bradshaw returned them to the bank, with his opinion to the effect that there were some defects in the title. That defendants went to the bank, and procured the deed and abstract, and conveyed the land to another party for an increased price. In a substituted answer, the defendants denied making the contract, and denied, in substance, all the allegations of the petition, and pleaded that the contract relied upon was void under the statute of frauds. At the close of the evidence for the plaintiff, the defendants moved for a verdict in their

favor upon several grounds, some of which will here-after be considered. The motion was sustained, and a verdict returned accordingly, upon which a judgment was entered.

II.    Our statute provides that, except when other-wise expressly provided, no evidence of certain con-tracts is competent unless in writing, and signed by the party charged, or by his lawfully authorized agent. Code 1873, section 3663. Among the contracts men-tioned are those for the creation or transfer of any interest in lands, except leases for a term not exceeding one year. Code 1873, section 3664, subdivision 4. By Code 1873 (section 3665) it is provided that the pro-vision last referred to shall not apply when the pur-chase money, or any portion thereof, has been received by the vendor, or when the vendee, with the actual or implied consent of the vendor, has taken and held pos-session thereof under and by virtue of the contract. It is also provided that the regulations referred to relate merely to the proof of contracts, and do not prevent the enforcement of those which are not denied in the plead-ings (Code 1873, section 3666); and nothing in the fore-going provision shall prevent the party himself, against whom the unwritten contract is sought to be enforced, from being called as a witness by the opposite party, nor his oral testimony from being evidence (Code 1873, section 3667). It is contended that the fact of a part payment on the land is established, and hence the statute does not apply. The exception of the statute relating to a payment of the purchase price applies only to cases where "the purchase money, or any portion thereof, has been received by the ven-dor." The claim is that Engle, who was acting as agent for his co-defendant, Bird, paid the latter twenty dollars on the land for plaintiff. The petition charges that Engle acted as Bird's agent. It would be a case, then,

of the seller making a part payment to himself. This is not a case where one may properly act as the agent of both parties. The interest of the principals being adverse, Engle could not be the agent of both parties. Therefore, if he had paid the twenty dollars to his principal, it would not avail the plaintiff as a part payment, under the provisions of the statute. Engle being Bird's agent, his act was in law the act of his principal. The evidence shows without conflict that plaintiff never paid any part of the purchase price of this land to either of the defendants.

III. A further contention is that plaintiff took possession under the contract, and hence has brought himself within the exceptions provided in the statute. To take a case out from the rule of the statute, the possession must be taken and held under the contract, and with the actual or implied consent of the vendor. Code 1873, section 3665. The evidence shows: That plaintiff went over the place, and examined the house and cellar. Took his son with him, and rented the place to him. Picked up some lumber around the barn, and drove a few nails that were loose about the barn. That he told Bird he had rented the place, and he said it was all right. That neither he nor his son ever slept in the house, or occupied it, and neither of them were ever on the place afterwards. This sale of the property and the examination of the house occurred in October, 1894, and this suit was begun in March, 1895. Even if it be conceded that all the acts recited were done, still there is no evidence that such acts had reference to, or were done under and by virtue of, the contract of sale. The cases relied upon by appellant were not in their facts like that at bar. In *McCoy v. Hughes*, 1 G. Greene, 373, the party had entered upon the land and made improvements with the consent of the seller, and had tendered the purchase money. In

*Thayer v. Reeder*, 45 Iowa, 273, the deed was delivered, purchase money paid, and possession taken. In *Sweeney v. O'Hora*, 43 Iowa, 38, there was a clear taking of possession established. Other cases are cited which are not applicable. It is indispensable that it appear that the possession is taken and held under and by virtue of the contract. If the acts mentioned would amount to a taking of possession, still it is not shown that they were done under the contract. We do not think that the plaintiff has shown that he has "taken and held possession" under the contract, as contemplated by the statute.

IV. It is contended that the defendants in their original answer, which was introduced in evidence, admitted the contract pleaded by the plaintiff. While said answer admits the execution of a deed to the plaintiff, it does not admit the contract as claimed by the plaintiff. The facts touching the contract, which are pleaded in the original answer, are in material respects different from those pleaded by plaintiff. It cannot therefore be said that the contract, as pleaded in the petition, is admitted by the defendants. There is nothing in the answer which removes the case from the operation of the statute. Browne, Statutes, Frauds, section 501.

V. Upon the facts in this record, we do not think that the sale was ever completed. A fair view of the evidence shows that the deed was not delivered so as to pass the title. It is clear that the deed was placed in the hands of Baxter, Reed & Co., to be held by them until the abstract was approved and the title found to be all right. When title was approved, and the money paid, it was to be delivered. As Bradshaw did not approve the title, and no part of the purchase price was paid, there was no delivery to the purchaser. Again, it appears that no absolute

delivery was intended by the parties at the time the deed was placed in the hands of Baxter, Reed & Co. Furthermore, the contract, as claimed by the plaintiff, was silent as to what should be done in case the title was found to be imperfect. This action is for damages for a failure to complete a contract of sale, and must be grounded upon the fact that the deed was never in fact delivered. If it was so delivered, then the grantor would not be liable, in an action like this, for failure to comply with his promise, and the plaintiff could not be damaged by a breach of the contract to convey, which breach never existed.

VI. It is insisted that, as the defendants permitted the contract to be proven by oral testimony without objection, they cannot thereafter invoke the aid of the statute. *Crossen v. White*, 19 Iowa, 111 did not involve the question we have here, where it is claimed that the facts take the case out of the statute, and bring it within the exception. In *Holt v. Brown*, 63 Iowa, 322, the statute was not pleaded, and no objection made at any time, or in any manner, to the evidence. Neither case deals with the question we have in this record. The question is, when the contract is alleged by the defendant to be within the statute of frauds, and the plaintiff pleads facts which, if established, would show the contract to be valid, because embraced within some of the exceptions stated in the statute, does the defendant waive his right to insist upon the provisions of the statute if he fails to object to the evidence when offered? It was discretionary with the plaintiff as to the order in which he would introduce his evidence. He could introduce proof of his contract first, and thereafter proof to take the contract out of the statute. Nor could the defendant have successfully objected to the proof of the contract until it appeared that the plaintiff had failed to establish the exceptions

he had pleaded.   *Campbell v. Ormsby*, 65 Iowa, 521.
As we have considered the case upon its merits, no
ruling upon the motions submitted is necessary.   We
have considered all the questions made in the record,
and discover no error.—AFFIRMED.