R. V. McCUTCHAN, Appellant, v. IOWA STATE BANK OF FORT MADISON, Appellee.

No. 46136.

OCTOBER 20, 1942.

Hollingsworth & Hollingsworth, of Keokuk, for appellant.

Johnson, Martin, Johnson & Phelan and E. H. Pollard, all of Fort Madison, for appellee.

OLIVER, J.—In 1940, appellant, R. V. McCutchan, of Burlington, Iowa, had certain negotiations with appellee, Iowa State Bank of Fort Madison, relative to the purchase by McCutchan of a 281-acre farm in Lee county, Iowa, owned by the bank. Said negotiations were with Milton E. Lehning, cashier of said bank. On October 8th Lehning wrote appellant:

"Confirming conversation today at the bank, the following described land is offered for sale at $7,500.00 cash, * * * This price is for acceptance on or before October 12, 1940."

On October 12th this was extended to October 19th. Appellant was unable to complete the sale and returned the letter to appellee. On October 28th Lehning wrote appellant:

"We will extend the option for the 281 acres at $7,500.00 to expire November 15, 1940."

The petition alleges that thereafter said option was extended orally until December 31, 1940, and while said option was in effect appellant exercised said option and notified the appellee that he would take the said land at the said price, and the appellee orally agreed to execute deed thereto conveying said land to appellant, and agreed to furnish abstract of title therefor by December 27th; that thereafter appellant tendered appellee the purchase price of $7,500, but appellee refused to accept the same and refused to deliver said deed and abstract to appellant and continued to refuse so to do; and prays damages. The petition also states that appellant intends to prove the existence of said contract by the testimony of the appellee.

Count 1 of the answer admits the preliminary negotiations and letters; denies the option was extended to December 31st;

denies that while the option was in effect appellant exercised the same and notified appellee he would take the land; denies it agreed to convey the real estate to appellant or deliver a deed with abstract to him; admits it agreed to furnish an abstract by December 27th, but denies it agreed to furnish said abstract to appellant and alleges said abstract was to be furnished to one Arthur H. Meyer; alleges said real estate was sold to Meyer on December 24th; alleges appellant's tender of $7,500 was made and refused December 31st, but asserts it had previously sold the real estate and denies any option which appellant could exercise was then in existence; denies all other allegations of the petition not admitted.

Each of the other counts of the answer reaffirms the allegations of count 1. Count 2 alleges appellant was acting as agent for Meyer; that said agency was for the purpose of acquiring real estate by appellant for Meyer; that in said capacity he agreed to purchase the real estate for his principal, Meyer; that appellee sold the real estate to Meyer on December 24th, and appellant and Meyer made a full settlement of all claims which appellant had or claimed to have, arising out of the purchase of said real estate. Count 3 alleges appellant and Meyer constituted a partnership with the agreement between them that said real estate was to be purchased by Meyer; that appellee sold the same to Meyer on December 24th, and appellant and Meyer made a full settlement of all claims of appellant arising out of the sale of said real estate.

Appellant made Lehning his witness to prove the alleged oral contract. Lehning testified:

"The last extension to Mr. McCutchan expired November 15." (This was the extension granted in Lehning's letter of October 28th.) "The directors decided November 17th to offer this farm for sale to anyone at $7,500.00 and Mr. McCutchan was given the opportunity to buy it at that price and told we would take no other offer as soon as he paid $2,500.00 down, otherwise the sale was open to anyone. I was talking about the action of the board. We have a resolution to that effect."

On December 13th, appellant wrote Lehning:

"At last I can tell you I will take the 280 farm, and the

inclosed copy of Mr. Meyer's letter will explain the so much delayed. I will be down with the $1,000 just as soon as he get to me. In the meantime if it will not inconvenience you, could you have your abstract certified down to date so I may get it the first of the week. I am anxious to get thru, I have all of your money ready when we get this much done."

The enclosed letter from Meyer to McCutchan, also dated December 13th, stated Meyer was selling a farm and expected to receive $2,500 and that it would be the first of the week before Meyer could pay $2,000 on the 280-acre farm. Shortly afterward appellant requested Lehning to have the abstract ready for him. On December 19th, Lehning wrote appellant:

"Late today I have been able to find out that the abstract of title will be continued, so we may have it on December 27, 1940."

Lehning testified the abstract was continued for two reasons (1) so that it would be ready to complete a sale whenever a sale was arranged, and (2) because the bank examiners had ordered it brought down to date.

"When I wrote this letter of December 19 * * * I intended delivering him the abstract by the 27th had he complied with the down payment required of the offer. That was open on the farm to everyone after November 15. We would deliver the abstract when completed to any purchaser when the deal was completed."

The letter was written "under the terms that the sale was open to everyone, including Mr. McCutchan."

December 20th, appellant wrote Lehning, thanking him for his report as to time possible to get the abstract and asking if he would send the deed and a letter guaranteeing the title to be merchantable to a bank in Burlington with sight draft attached. Lehning made no reply to this letter. A day or two later appellant called at the bank. Nothing was then said about the abstract. Appellant again requested that the deed be sent to the Burlington bank with a draft for $7,500 attached. He said he wanted to use the abstract and deed as security to get the money to pay the rest of it. Lehning said that would not be done

unless approved by the directors because the cash had not been paid to close the deal with him.

On December 19th, Meyer had called at the bank and on December 24th the farm was sold to him. Later, apparently on December 31st, appellant tendered appellee $7,500 for the purchase price of the farm, which was refused.

Appellant testified that he wrote the letter to Lehning, dated December 13th, received the letter from Lehning dated December 19th, and until December 24th received no notice or information that his purchase of the land was refused.

I. Appellant's principal contention is that the court erred in directing a verdict against him. The alleged oral contract was for the transfer of an interest in real estate and within the operation of the statute of frauds. It was denied in the answer. Code, sections 11285, 11287. Therefore, appellant might establish it only by the testimony of the alleged maker (Code section 11288), in this case Lehning, the officer of the bank who conducted the negotiations in its behalf. The rule in such cases is thus stated in Quaker Oats Co. v. Kidman, 189 Iowa 906, 908, 179 N. W. 128, 129:

"We have repeatedly held that, if the plaintiff relies upon the testimony of the defendant to establish the alleged oral contract, he must prove the same thereby, and cannot contradict or supplement the same by the testimony of other witnesses. In such case, the testimony of the adverse party must be sufficient in itself."

Elliott v. Loucks, 194 Iowa 64, 68, 187 N. W. 689, 690, states the rule in similar language. In Deitrick v. Sinnott, 189 Iowa 1002, 1010, 179 N. W. 424, 428, it is said:

"The testimony of the defendant, under all the holdings of this court, upon the question of the oral contract, was conclusive, and the court cannot say that he is not telling the truth about the matter, * * *"

Olsen v. Peregoy & Moore Co., 182 Iowa 889, 890, 165 N. W. 202, refers to the rule as follows:

"While, where the person sought to be charged is called, what he says is conclusive, that does not mean that the contract

is established, only, where he admits in terms that it was made. While his testimony may not be added to or contradicted, its effect is to be tested by the ordinary standards; and, if a fair consideration of what is said by defendant, and what is justifiably to be deduced therefrom under the conditions disclosed by the record, tends to prove the asserted contract, that establishes such contract.''

On November 15th, the written offer made by the bank to appellant had expired by its terms. The testimony of Lehning was that shortly thereafter the farm was offered for sale to appellant or anyone else at $7,500. This oral offer to appellant provided that as soon as he paid $2,500 appellee would take no other offer. It required the payment of $2,500 before acceptance would be binding upon appellee. Upon sale to another before such payment the offer would lapse. The $2,500 payment was essential to the contract itself. It pertained to the making rather than to the performance of the contract. Breen v. Mayne, 141 Iowa 399, 403, 118 N. W. 441, 443; Bundy v. Dare, 62 Iowa 295, 17 N. W. 534.

On December 13th, appellant wrote that he would take the farm and would be down with $1,000 as soon as he received it. That was not an acceptance of the offer because appellant had not complied with its terms. Nor does the record show that after writing the letter he attempted to proceed further with that proposal. His next proposal was that the deed and a guarantee of title, with sight draft attached, be sent to a Burlington bank. This was not an acceptance of the offer. Gilbert v. Baxter, 71 Iowa 327, 333, 32 N. W. 364, 367; Knox v. McMurray, 159 Iowa 171, 140 N. W. 652, and authorities there cited.

Lehning told appellant this would not be done unless approved by the directors because the cash had not been paid to close the deal. After this statement, which indicated that Lehning was without authority to waive the requirements of the offer, and which was in effect a refusal so to do, appellant appears to have abandoned the sight-draft proposal. According to Lehning, appellant came to him about once a week with various propositions.

On December 24th, the bank sold the land to Meyer and appellant learned ''that my purchase of that land was refused.''

There is no evidence that prior to that time appellant had accepted appellee's offer and tendered the $2,500 to bind appellee. The tender of $7,500 on December 31st was made after the offer had lapsed.

Appellee's offer to appellant was not founded upon any consideration and might have been withdrawn by appellee at any time prior to its acceptance. Sargent & Co. v. Heggen, 195 Iowa 361, 190 N. W. 506; Jester v. Gray, 188 Iowa 1249, 175 N. W. 758, 177 N. W. 475. Moreover, it is conceded appellee sold the farm to Meyer and that appellant learned of the sale on December 24th. Even though the offer had not by its terms lapsed upon the sale to Meyer, this would have been sufficient to constitute a revocation of said offer. Restatement of the Law of Contracts, section 42.

Appellant argues that the continuation of the abstract and the information given to him of the date when it would be ready indicates a waiver of the terms of appellee's offer. Lehning testified the abstract was continued in compliance with an order of the bank examiners, and also for the purpose of delivery to any purchaser when the deal was completed. However, a mere continuation of the abstract at the request of appellant, under the circumstances, would not have constituted a waiver of the requirement of a down payment of $2,500.

The evidence shows that the bank sold the land to Meyer through Iowa-Missouri Land Company, with whom the bank had listed it for sale at $8,500. For some reason, the contract of sale was made to Iowa-Missouri Land Company and not directly to Meyer. Appellant contends this circumstance tends to prove the existence of a contract between appellant and the bank. One reason why such inference is not justifiable is that, if the bank had previously contracted to sell to appellant it would have been equally liable for a breach whether it sold to Meyer, the Land Company, or some other third party.

Under the rule heretofore noted, Lehning's testimony must be taken as true. Aside from that requirement, it is to be tested by the ordinary standards and considered with all inferences which may be legitimately drawn therefrom under the circumstances shown in the record. His testimony detailed the terms of an offer from appellee to appellant which, if accepted,

would have established a contract of sale of the land. However, said testimony not only failed to show that appellant accepted said offer but also affirmatively showed facts and circumstances which require the conclusion that appellant did not accept said offer while it was outstanding. Nothing which could be justifiably deduced from the record tended to prove the alleged contract.

Appellant asserts that had Lehning been permitted to answer certain questions to which objections were sustained, such additional evidence would have tended to prove the contract. One stion was whether Meyer had not told Lehning that he (Meyer) had agreed to pay McCutchan $10,500 for the farm. Another question was whether Meyer paid the bank $8,500 for the farm. In argument appellant states this purchase price of $8,500 would indicate that the bank and Meyer had agreed to split the profit which would have accrued to appellant had he bought the land and sold it to Meyer. This statement overlooks the testimony of Lehning that the farm was bought by Meyer through Iowa-Missouri Land Company, with whom said land had been listed by appellee for sale at $8,500.

The nub of appellant's complaint appears to be that Meyer was his customer and that the action of appellee in selling to Meyer was unfair to appellant. Whatever may be the merits of this contention, the dealings of appellee with Meyer do not tend to establish the alleged contract of sale to appellant upon which this action is predicated.

II. Appellant contends the contract is admitted in counts 2 and 3 of the answer. It will be noted that in each of these counts the specific denials of count 1 are reaffirmed. Counts 2 and 3 refer to the sale made by appellee to Meyer, and plead defenses to this action growing out of alleged relations and dealings of Meyer with appellant. The statements in counts 2 and 3 do not admit the contract alleged in the petition and do not remove the case from the operation of the statute of frauds. Benedict v. Bird, 103 Iowa 612, 617, 72 N. W. 768, 769.

It is our conclusion that the court did not err in directing the verdict against appellant.—Affirmed.

All JUSTICES concur.