This is an appeal from the circuit court's denial of post-trial motions.
Judie K. Smith (deceased) and James R. Smith (appellant) were divorced on September 5, 1989. The divorce was entered pursuant to an agreement between the parties, which was incorporated into the decree. As a consequence of that agreement, the parties' marital home was to be sold within six months and the proceeds of such sale were to be divided equally between them. Until such time as the home could be sold, however, the deceased was awarded the exclusive right to reside therein.
The deceased died on September 17, 1989. Subsequently, the appellant filed a motion in the circuit court, seeking to alter, amend, or vacate the order of September 5, 1989, or, in the alternative, a Rule 60(b), Alabama Rules of Civil Procedure, motion for relief from the judgment divorcing the parties. He concomitantly filed a motion to suggest death, as well as a motion seeking possession of the marital home pending the administration of the deceased's estate. All such motions were denied by the circuit court.
This appeal followed. We affirm.
Initially, we note that a judgment of divorce following an ore tenus proceeding is presumed correct and will not be set aside unless it is plainly and palpably wrong. Lucero v.Lucero, 485 So.2d 347 (Ala.Civ.App. 1986).
Furthermore, a settlement agreement which is incorporated into a divorce decree is in the nature of a contract.Brocato v. Brocato, 332 So.2d 722 (Ala. 1976). Therefore, the rule governing relief from judgment is not to be used for the purpose of relieving a party from a free, calculated, and deliberate choice which he has made. Porter v. Mobile Pulley Machine Works, 507 So.2d 529 (Ala.Civ.App. 1987).
Moreover, in the absence of fraud, collusion, or accident, a settlement incorporated into a divorce decree is binding and cannot be set aside pursuant to Rule 60(b). Brocato, 332 So.2d at 724.
The appellant maintains that the death of a party to a divorce proceeding, prior to expiration of the time in which an appeal may be filed, does not abate the right to an appeal. Generally, the death of one of the parties to a divorce decree results in the abatement of the cause of action. However, abatement does not result when the decree affects property rights, and matters touching the parties' property rights under the divorce decree are amenable to alteration or modification upon timely motion, or upon appeal. Hill v. Lyons,550 So.2d 1004 (Ala.Civ.App. 1989). See also Stapleton v. Stapleton,282 Ala. 62, 209 So.2d 202 (1968).
Furthermore, for the point of clarification, we note that there has been no challenge asserted against the appellant's right to pursue an appeal of the circuit court's order. Since this court agrees that the action did not abate upon the death of the deceased, we will now address the merits of the appellant's arguments.
The appellant first asserts that the circuit court erred in denying his motion to alter, amend, or vacate the judgment divorcing *Page 840 
the parties, or, in the alternative, his motion for relief from judgment pursuant to Rule 60(b).
He argues that his motion should have been granted because, he says, the decree of divorce did not destroy the joint tenancy with right of survivorship that he held with the deceased. Therefore, he asserts that the divorce decree should have been vacated and that possession of the marital home should have been awarded exclusively to him. We disagree.
In Watford v. Hale, 410 So.2d 885 (Ala. 1982), the supreme court concluded that, where the parties had incorporated a property settlement in their divorce decree whereby each was to share mortgage expenses until such time as they mutually agreed to sell the home, the joint tenancy with right of survivorship was converted into a tenancy in common with no such survivorship rights. There, it was reasoned that the intent of the parties, as evidenced by the divorce decree, was that the marital home be sold and that it would no longer be held in joint tenancy.
Similarly, in Kirven v. Reynolds, 536 So.2d 936 (Ala. 1988), a joint tenancy was held to be severed by a decree providing that the husband was to have exclusive possession of the marital home, which was to be sold when the parties' minor child reached the age of majority, married, or otherwise became self-sufficient or upon the husband's remarriage.
In the case at hand, a similar agreement was entered into by the parties, evidencing their intent to sell the marital home within six months of the date of divorce and then to share equally in the proceeds. Furthermore, the deceased was awarded the exclusive right to occupy the home until such time as a sale could be effected.
It is the opinion of this court that it was the clear intent of the appellant and the deceased that the divorce decree would have the effect of severing the joint tenancy shared by them and would instead create a tenancy in common, which affords no right of survivorship.
Moreover, as regards the husband's alternative motion for relief from the judgment of divorce pursuant to Rule 60(b), A.R.Civ.P., we note that no grounds for such relief were asserted by him other than his contention that the death of his ex-wife was sufficient cause to grant such a motion. We are unaware of any authority which would support such a contention.
Therefore, we find that the circuit court correctly concluded that the husband's motion to alter, amend, or vacate the order divorcing the parties, as well as his alternative motion for relief pursuant to Rule 60(b), was due to be denied.
The appellant next contends that the circuit court erred in denying his motion to substitute a party to represent the interests of the deceased on appeal. Rule 25(a)(1), A.R.Civ.P., provides for the substitution of "proper parties" upon the death of a party.
On November 29, 1989, the husband sought, and was granted, letters of administration for the estate of the deceased. On January 24, 1990, a relative of the deceased petitioned the probate court to have the appellant's appointment as administrator of the deceased's estate set aside. Following a hearing on March 8, 1990, the trial court revoked the appellant's letters of administration.
Prior to that hearing, however, a separate hearing was held on February 26, 1990, regarding the appellant's motion for substitution. We note that at that time, the appellant was in possession of letters of administration for the deceased's estate. In such a capacity as the legal representative of the deceased, he would have been the only "proper party" for substitution. Rule 25, A.R.Civ.P.; Killough v. Killough,373 So.2d 336 (Ala.Civ.App. 1979). Therefore, we find that there was no "proper party" for the circuit court to have substituted for the deceased. Consequently, the court's denial of the appellant's motion was proper.
Finally, the appellant asserts that the circuit court erred in failing to award him temporary possession of the marital *Page 841 
home pending the administration of the deceased's estate. However, a prior decree of divorce had awarded the wife exclusive possession of the home until such time as it could be sold. As we have stated, a divorce decree which incorporates an agreement between the parties is in the nature of a contract.Brocato, 332 So.2d 722.
Therefore, we find that the circuit court's denial of the appellant's motion for possession of the home was not plainly or palpably wrong.
In view of the above, we affirm the decision of the circuit court.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.