**Richard Eugene DAVIS,**
**Plaintiff–Appellant,**

v.

**Terry A. ROBERTS and David W. Roberts, Individually and as Executory of the Estate of Marion Delores Roberts, Deceased, Defendants–Appellees.**

No. 95–1451.

Court of Appeals of Iowa.

Feb. 26, 1997.

Vern M. Ball of Ball & Lynch, Bloomfield, for Plaintiff–Appellant.

John B. Martin of Martin & Richardson, Bloomfield, for Defendants–Appellees.

Heard by SACKETT, P.J., and CADY and HUITINK, JJ.

HUITINK, Judge.

Richard Davis appeals from an adverse judgment in a declaratory judgment action to establish his survivorship interest in real property owned with deceased co-tenant and resulting entitlement to sale proceeds. We reverse.

### I. Background Facts and Proceedings.

This dispute concerns residential real estate in Bloomfield. Cleo Davis owned this property until his death in May 1988. Under the terms of Cleo's will, Richard Davis and Marion Roberts each inherited one-half of Cleo's real and personal property as tenants in common.[1]

Richard was nominated executor of Cleo's estate. When he declined, his daughter, Mary Jo Davis, and Marion Roberts were appointed co-executors. Mary Jo and Marion administered Cleo's estate without legal representation. Mary Jo prepared all of the necessary documents, including a final report, order approving final report, and a certificate of change of title. The final report filed November 15, 1991 included a legal description of the disputed property. Neither the final report or the order approving the final report identified the recipients of Cleo's real property. The change of title certificate filed November 15, 1990, concerning the disputed property, identified Marion Roberts and Richard Davis as joint tenants with rights of survivorship.

In August 1988, Marion took possession of the property. Although she paid no rent to Richard, she paid all of the expenses incidental to ownership, including real estate taxes,

---

1. Iowa Code § 557.15 creates a statutory presumption that a conveyance to two or more persons creates a tenancy in common unless a contrary intent is expressed.

insurance, and maintenance. Marion lived in the house until her death in May 1993.

After Marion died, Richard sold the house to the Davis County School District. Upon examination of the abstract, the district's attorney concluded Richard and Marion acquired the property as tenants in common and not as joint tenants with rights of survivorship. He also opined that the change of title certificate issued in Cleo's estate was insufficient to create a joint tenancy with the right of survivorship. The school district refused to accept title to the property without a deed from Marion or her survivors in interest.

As a result, Terry Roberts and David Roberts, Marion's children, were required to probate Marion's will. The property was listed as an asset of her estate. Under the terms of Marion's will, her undivided one-half interest passed to Terry and David.

Although Richard and Marion's children agreed on the terms of the sale to the school district, Richard disputed their entitlement to the sale proceeds. They agreed to deposit one-half of the net proceeds in trust pending resolution of their dispute. Richard initiated these proceedings when the parties were unable to arrive at an acceptable resolution.

In his petition, Richard alleged Marion and he "agreed that Marion could live rent-free in the house ... during her lifetime." He also alleged that Marion and he "agreed that upon Marion's death, Plaintiff [Richard] would be the sole owner of the property."

Prior to trial, Terry and David filed a motion in limine seeking to exclude evidence of any oral agreement between Richard and Marion regarding possession, occupancy, or ownership of the disputed property. The motion also sought to exclude any written documents in Marion's handwriting relating to this property. The district court, sitting in equity, noted the defendants' standing objections to this evidence and the matter proceeded to trial.

At trial, Richard testified that prior to Marion's occupancy of the home, they agreed Marion could live in the house rent-free if she paid the expenses incidental to ownership and occupancy. He also testified it was Marion's express wish that the survivor between the two of them become the sole owner of the property. An August 1991 letter from Marion to Mary Jo indicating her approval of this arrangement was also offered as evidence of her intention to create a joint tenancy with survivorship rights.

The district court rejected Richard's claims citing insufficient evidence to support an oral agreement to establish a joint tenancy with full rights of survivorship. The district court also held, as a matter of law, that a joint tenancy in real estate cannot be established by an oral agreement.

On appeal, Richard contends a joint tenancy in real estate can be established by an oral agreement and it was error for the district court to conclude otherwise. He also argues that the record contains sufficient evidence to establish an oral agreement with Marion. Terry and David argue the district court correctly acknowledged the necessity of a writing to establish a joint tenancy in real estate. They alternatively claim the statute of frauds renders any evidence of an oral agreement incompetent and that Marion's letter to Mary Jo is inadmissable hearsay evidence.

### II. Standard of Review.

An action in probate to determine the ownership of property is triable in equity. *Matter of Estate of Bates,* 492 N.W.2d 704, 705–06 (Iowa App.1992); *In re Estate of Sheimo,* 261 Iowa 775, 778, 156 N.W.2d 681, 683 (1968). Therefore, our review is de novo. *Bates,* 492 N.W.2d at 706; *see In re Estate of Lemke,* 216 N.W.2d 186, 189 (Iowa 1974). We give weight to the trial court's findings, but are not bound by them. *Id.*

### III. Necessity of a Writing to Establish a Joint Tenancy.

As noted earlier, the district court held as a matter of law that a joint tenancy in real estate cannot be established by an oral agreement. We are unable to reconcile this conclusion with established precedent.

In *Stonewall v. Danielson,* 204 Iowa 1367, 217 N.W. 456 (Iowa 1928), the supreme court held that two or more persons may orally

agree that real estate shall be jointly owned with rights of survivorship. *Id.*, 204 Iowa at 1372, 217 N.W. at 458–59. Appellees seek to distinguish *Stonewall* because the agreement in that case predated acquisition of the property. They fail to identify, nor do we find any consequence to this distinction.

Additionally, our review of relevant statutory authority does not disclose any special statute of frauds applicable to agreements to create a joint tenancy with survivorship rights in real property. We hold such agreements, like any other for the creation or transfer of an interest in land, are governed by Iowa Code section 622.32(3) (the general statute of frauds) and Iowa Code section 622.33 (recognized exceptions to the statute of frauds).

### IV. Evidentiary Issues.

Evidence of Marion's alleged oral agreement with Richard, a letter from Mary Jo to Marion, and Marion's conversations with others about the disputed property were admitted subject to Terry and David's standing objections. The district court properly withheld ruling on these objections to facilitate our de novo review of the entire record in this case. *See Leo v. Leo*, 213 N.W.2d 495, 497–98 (Iowa 1973). Resolution of the issues raised by these objections is an essential predicate to our consideration of the merits of Richard's claim of an oral contract to create survivorship rights with Marion.

#### A. Statute of Frauds.

Terry and David argue parol evidence of Marion's oral agreement with Richard is incompetent. Contracts to convey an interest in land fall within the statute of frauds. Iowa Code § 622.32(3); *Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d 621, 630 (Iowa 1996). The statute provides that no evidence of such a contract is competent unless there is a written memorandum signed by the party to be charged or a recognized exception to the statute applies. Iowa Code § 622.32(3). The statute is not a substantive rule of law forbidding oral contracts. It is a rule of evidence limiting the manner of proving a contract within its provision. *In re Lindsey's Estate*, 254 Iowa 699,

710–11, 118 N.W.2d 598, 605 (1962). In the absence of a recognized exception, an oral contract to create an interest in land is unprovable. *See Meylor v. Brown*, 281 N.W.2d 632, 634 (Iowa 1979) (court held under either general statute of frauds or statute of frauds contained in Uniform Commercial Code, oral contracts are not prohibited; if objection is interposed, they are merely unprovable unless exception applies).

Proof of oral contract is permitted if some or all of the "purchase money" has been paid. Iowa Code § 622.33. The words "purchase money" mean consideration received in whatever form it may exist. *Williams v. Chapman*, 242 Iowa 294, 311, 46 N.W.2d 56, 65 (1951). This exception to the statute of frauds is commonly referred to as part performance. Any conduct, acts, or circumstances offered to show part performance must refer exclusively and unequivocally to the contract. *In re Lindsey's Estate*, 254 Iowa 699, 711, 118 N.W.2d 598, 605 (Iowa 1962). Proof of the acts, conduct, or circumstances constituting consideration for the claimed oral contract must be clear, satisfactory, and convincing. *See Vrba v. Mason City Production Credit Ass'n*, 248 Iowa 264, 270–71, 80 N.W.2d 495, 499 (1957).

Parol evidence is also admissible to prove an oral agreement where it is established by oral evidence from an adverse party. *Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d at 631–32. This exception is equally applicable to the original parties to the contract and their privies. *Id.* For purposes of this exception, the term "privy" includes contracting parties' successors in interest who acquire the property by inheritance or devise. *See In re Richardson's Estate*, 250 Iowa 275, 281–82, 93 N.W.2d 777, 781 (1958) (citing *Leach v. First Nat'l Bank of Ft. Dodge*, 206 Iowa 265, 270, 217 N.W. 865, 868 (1928)).

We are unable to find Richard's waiver of Marion's rent exclusively and unequivocally referred to a contract to create survivorship rights. Richard testified he withdrew his initial request for rent to accommodate Marion's distressed financial circumstances. His forbearance was also argu-

ably a fair exchange for Marion's obligation to pay incidental expenses. Accordingly, Richard has failed to show performance sufficient to remove any oral agreement with Marion from the statute of frauds under this exception.

We do, however, find the oral agreement is removed from the statute as the result of Terry and David's judicial admissions made in the course of these proceedings. Their trial testimony acknowledges Marion and Richard's intentions to create mutual survivorship rights. They also testified that they assumed, based on conversations with Marion, that these arrangements were completed before Marion died. Although this testimony is arguably not an explicit admission of the contract, it can and does provide substantial evidence from which it can be found the alleged contract was formed. *See Packwood Elevator Co. v. Heisdorffer*, 260 N.W.2d 543, 546 (Iowa 1977); *McCutchan v. Iowa State Bank of Ft. Madison*, 232 Iowa 550, 556–57, 5 N.W.2d 813, 816 (1942). We conclude the statute of frauds defense raised in this case is without merit and parol evidence is admissible to prove the alleged oral contract to create survivorship rights.

*B. Hearsay Objections.*

Terry and David contend Marion's statements to Richard and others concerning their agreement are inadmissible hearsay. Although Richard concedes that these statements are hearsay, he argues they are admissible as statements made by Marion against her proprietary interest.

Hearsay evidence is not admissible unless it falls within a recognized exception to the hearsay rule. Iowa R.Evid. 802. Statements made by an unavailable declarant against the declarant's proprietary interest are admissible. Iowa R.Evid. 804(b)(3). This general exception for admissions includes statements by a property owner in disparagement of title. *Maddox v. Katzman*, 332 N.W.2d 347, 351 (Iowa App.1982); *Egan v. Egan*, 212 N.W.2d 461, 465 (Iowa 1973).

The record includes testimony from Mary Jo, Richard, Terry, and David that Marion told them that the survivor, as between Richard and she, would become sole owner of the disputed property. As a tenant in common without rights of survivorship such statements were adverse to Marion's interest in the property. We hold this exception applies and her statements are admissible.

Terry and David's hearsay objection also includes Marion's August 1991 letter to Mary Jo. In her letter, Marion stated:

I think we could arrange it so that he [Marion's lawyer] would make it possible that the survivor's half of the property would revert to them as sole owners. I don't think either of my kids want the property so that would be fine with me.

This letter was written in August 1991 after Marion consulted an attorney to determine what steps, if any, were needed to document her agreement with Richard.

Richard argues the letter is also admissible as an admission or statement against interest. Our reading of the letter does not support its admission under the same hearsay exception as Marion's oral statements. This portion of the letter, *if it is hearsay*, is, however, admissible as a statement of Marion's state of mind or intent to create survivorship rights. Iowa R. Evid. 803(3) (emphasis added).

*V. Proof of an Oral Contract.*

Joint tenancy is an estate held by two or more persons jointly with equal rights to share in its enjoyment during their lives and having as its distinguishing feature the right of survivorship. *Brown v. Vonnahme*, 343 N.W.2d 445, 451 (Iowa 1984). A joint tenant owns an undivided interest in the entire estate to which is attached the right of survivorship. *Bates*, 492 N.W.2d at 706. When ownership is shared, there is a presumption against joint tenancy. *See Matter of Estate of Allen*, 239 N.W.2d 163, 168 (Iowa 1976); *see also In re Estate of Miller*, 248 Iowa 19, 22, 79 N.W.2d 315, 318 (1956).

Evidence of an alleged oral agreement must be cogent, clear and forcible as to leave no reasonable doubt as to its terms and character. *Mack v. Linge*, 254

Iowa 963, 969, 119 N.W.2d 897, 900 (Iowa 1963). An oral contract to convey land will not be granted, especially as against the decedent, unless proof of the contract is clear, satisfactory, and convincing. *Brandt v. Schucha*, 250 Iowa 679, 691, 96 N.W.2d 179, 186 (Iowa 1959). This heavy burden does not imply that plaintiff's proof be undisputed or of absolute certainty. *Vanston v. Rupe*, 244 Iowa 609, 618, 57 N.W.2d 546, 551 (1953).

We find Richard has met his heavy burden of proof. The existence and terms of Richard's agreement with Marion were repeatedly acknowledged by Marion before she died. These statements admitting the oral agreement are binding on Terry and David as Marion's successors in interest. *Egan v. Egan*, 212 N.W.2d at 465. Additionally, Terry and David's admissions of the existence of a contract during their trial testimony provides substantial evidence of its existence. *Gardner v. Gardner*, 454 N.W.2d 361, 363–64 (Iowa 1990).

We reject also Terry and David's contention that, despite Marion's express intentions, the agreement was never completed by reducing it to writing. An oral agreement is enforceable even though the parties intended to reduce it to writing, if it is complete as to its terms and finally agreed to.

*Elkader Coop. Co. v. Matt*, 204 N.W.2d 873, 875 (Iowa 1973). The record indicates all of the interested parties assumed Richard's agreement with Marion was complete as to its terms and that the parties finally agreed to these terms. Any written version of the agreement would have merely served as an expression of an agreement already made.

## VI. Summary.

In conclusion, we hold that Richard Davis and Marion Roberts entered into an enforceable contract to create rights of survivorship in the real estate they inherited as tenants in common from Cleo. We also hold that as the surviving party to this agreement, Richard is entitled to the remaining sale proceeds held in trust.

The judgment of the district court is reversed and this case is remanded for entry of judgment consistent with this opinion. Costs are taxed to the appellees.

**REVERSED AND REMANDED.**