# IN THE COURT OF APPEALS OF IOWA

No. 24-1762
Filed October 29, 2025

**JULIE MONDAY,**
    Plaintiff-Appellant,

**vs.**

**JIM LOVELY and WWJD ENTERPRISES, LLC,**
    Defendants-Appellees.
_____

    Appeal from the Iowa District Court for Pottawattamie County,
Amy Zacharias, Judge.

    A party to a real estate dispute appeals a ruling for judgment in favor of the
other party. **AFFIRMED.**

    William Bracker, Council Bluffs, for appellant.

    Wyatt D. Suhr of Peters Law Firm, P.C., Council Bluffs, for appellees.

    Considered without oral argument by Greer, P.J., and Badding and
Chicchelly, JJ.

**CHICCHELLY, Judge.**

Julie Monday appeals a judgment in favor of Jim Lovely and WWJD Enterprises, LLC arising from a real estate dispute. She alleges a valid contract existed for the sale of a home and seeks specific performance. Upon our review, we affirm.

### I.      Background Facts and Proceedings

Julie Monday worked for a company owned by Jim Lovely beginning in late 2010 or 2011. Monday began renting a home from Lovely in 2015 on a month-to-month basis without a written lease agreement. In 2020, Monday told Lovely she wanted to move to Council Bluffs and purchase a home. Lovely offered to purchase a property in Council Bluffs outright and sell it to Monday on a real estate land contract.

Monday hired a realtor and began to search for houses. The realtor was told about their plan. Both Monday and Lovely toured at least one property together. Eventually, they selected a house. Lovely attended the closing and communicated his intention to convey the property to Monday. In December 2020, Monday moved into the home.

Based on the recommendation of the realtor, Lovely retrained a lawyer to prepare a land contract that would convey the property to Monday. The contract was prepared by Lovely's attorney in March 2021. It provided for a purchase price of $120,000 with a 3% interest rate amortized over thirty years. The contract also

provided that the first payment was to be made in August 2021.[1] Lovely's accountant prepared an amortization table that was provided to Monday.

But Monday made no payments until May 2022 (the June 2022 payment)—nine months after the first payment was due. She has made all payments since then. Neither party ever signed the land contract. It is not clear from the record before us why Monday did not make payments prior to May 2022, or why the contract was never signed.

Monday resigned from her employment with Lovely's company in July 2022. In April 2023, Lovely hired a property manager who sent Monday a letter asking her to sign a lease agreement.

Monday filed this action seeking specific performance of the real estate land contract between the parties. After a bench trial, the district court found no land contract existed and instead found that Monday was renting the home from Lovely. Monday now appeals.

## II.    Standard of Review

"This case was pled and tried in equity, so our review is de novo." *Florin Tr. v. Gudino*, No. 24-0986, 2025 WL 1450011, at *2 (Iowa Ct. App. May 21, 2025). "We give weight to the trial court's fact-findings, especially as to credibility of the witnesses, but are not bound by them." *Id.*

## III.    Discussion

"For a contract to be valid, the parties must express mutual assent to the terms of the contract." *Schaer v. Webster Cnty.*, 644 N.W.2d 327, 338 (Iowa 2002).

---

[1] Monday told Lovely in summer 2021 that she was considering filing for bankruptcy.

Mutual assent is present when it is clear from the objective evidence that there has been a meeting of the minds. *Id.* To meet this standard, the contract terms must be sufficiently definite for the court to determine the duty of each party and the conditions of performance. *Seastrom v. Farm Bureau Life Ins.*, 601 N.W.2d 339, 346 (Iowa 1999). "[T]his assent usually is given through the offer and acceptance." *Kristerin Dev. Co. v. Granson Inv.*, 394 N.W.2d 325, 331 (Iowa 1986). In a contract by offer and acceptance, "the acceptance must conform strictly to the offer in all its conditions, without any deviation or condition whatever." *Shell Oil Co. v. Kelinson*, 158 N.W.2d 724, 728 (Iowa 1968). Otherwise, there is no mutual assent and therefore no contract. *Id.*

However, contracts for sale of land ordinarily fall within the bounds of the statute of frauds, which requires they generally "be in writing and signed." Iowa Code § 622.32 (2024); *Recker v. Gustafson*, 279 N.W.2d 744, 748–49 (Iowa 1979). This rule of evidence limits the manner of proving the existence of a contract. *In re Est. of Lindsey*, 118 N.W.2d 598, 605 (Iowa 1962). The statute of frauds is subject to an exception where there has been payment of some or all of the purchase money. Iowa Code § 622.33; *Recker*, 279 N.W.2d at 749. The term "purchase money" means "consideration received, in whatever form it may exist." *Williams v. Chapman*, 46 N.W.2d 56, 65 (Iowa 1951). This exception to the statute of frauds is commonly referred to as part performance. "[A]ny conduct, acts, or circumstances offered to show part performance" must refer "exclusively and unequivocally to the contract." *Lindsey*, 118 N.W.2d at 605. "Proof of the acts, conduct, or circumstances constituting consideration for the claimed oral contract

must be clear, satisfactory, and convincing." *Davis v. Roberts*, 563 N.W.2d 16, 20 (Iowa Ct. App. 1997).

Based on our review of the record, we find no contract was ever formed by the parties. Monday asserts the exception in Iowa Code section 622.33 applies because she held possession of the property under the unsigned written contract and made the necessary payments. But the terms of the unsigned contract required payments starting in August 2021. Monday made no payments until May 2022. Any explanations for the nonpayment were not credited by the district court, and we defer to the district court's credibility findings. *See Gudino*, 2025 WL 1450011, at *2. Monday's nonpayment is inconsistent with the written contract and shows the parties did not have a manifestation of mutual assent to the essential terms of the agreement such as when payments were to start. *See Seastrom*, 601 N.W.2d at 346.

## IV.    Conclusion

Because we find the parties never formed a contract, we affirm the district court's judgment in favor of Lovely.

**AFFIRMED.**